**Opinion filed August 6, 2026**



In The

# Eleventh Court of Appeals

_____

## No. 11-25-00264-CR

_____

### ALTON LAMONT EDWARDS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 161st District Court**
**Ector County, Texas**
**Trial Court Cause No. B240433CR**

### M E M O R A N D U M   O P I N I O N

Appellant, Alton Lamont Edwards, pled guilty to the offense of possession of a controlled substance in an aggregate amount of less than one gram, a state-jail felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (West Supp. 2025). Pursuant to the terms of a negotiated plea agreement between Appellant and the State, the trial court sentenced Appellant to two years' confinement in the State Jail Division of the Texas Department of Criminal Justice, but suspended the imposition

of this sentence, and placed Appellant on community supervision for two years. The State subsequently moved to revoke Appellant's community supervision, alleging that Appellant had committed seven violations of the terms and conditions of his community supervision. The trial court held a hearing on the State's motion, during which Appellant pled "true" to three allegations; the State abandoned the four allegations of which Appellant pled "not true." Upon the conclusion of the hearing, the trial court found the three live allegations in the State's motion to be "true," revoked Appellant's community supervision, and sentenced him to 240 days confinement in the State Jail Division of the Texas Department of Criminal Justice.

Appellant's court-appointed counsel has filed a motion to withdraw in this court, supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and concludes that there are no meritorious or arguable grounds to present on appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967); *In re Schulman*, 252 S.W.3d 403, 406–09 (Tex. Crim. App. 2008). Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and copies of the clerk's and reporter's records. Counsel also advised Appellant of his right to (1) object to counsel's motion, (2) review the record, (3) file a pro se response to counsel's brief, and (4) file a petition for discretionary review. *See* TEX. R. APP. P. 6.5, 68. As such, court-appointed counsel has complied with the requirements of *Anders*, 386 U.S. at 742–44; *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *Schulman*, 252 S.W.3d 409–12; and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has not filed a response to counsel's *Anders* brief. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record and the brief, and we conclude that this appeal is without merit. In a revocation proceeding, the State need only prove a violation of a term or condition of community supervision by a preponderance of the evidence—the greater weight

of credible evidence that would create a reasonable belief that the probationer has violated a term or condition of his community supervision. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); *Scamardo v. State*, 517 S.W.2d 293, 298 (Tex. Crim. App. 1974); *Guillory v. State*, 652 S.W.3d 923, 928 (Tex. App.—Eastland 2022, pet. ref'd). In this setting, the trial court, as the trier of the facts, is the sole judge of the credibility of the witnesses, and the weight to be afforded their testimony, and may resolve any inconsistencies in their testimony. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013); *Naquin v. State*, 607 S.W.2d 583, 586 (Tex. Crim. App. 1980).

Although we review a trial court's revocation decision under an abuse of discretion standard, *see Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona*, 665 S.W.2d at 493, we review the evidence presented at a revocation proceeding in the light most favorable to the trial court's rulings. *Hacker*, 389 S.W.3d at 865; *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981). Here, Appellant pled "true" to three allegations in the State's motion, which the trial court accepted and found to be "true." Further, the evidence presented at the hearing is sufficient to support each finding of "true" made by the trial court. *See Rickels*, 202 S.W.3d at 764.

Proof of only a single violation of the terms and conditions of a probationer's community supervision is sufficient to support the trial court's revocation order. *Bryant v. State*, 391 S.W.3d 86, 93 (Tex. Crim. App. 2012); *Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012); *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009); *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980); *Jones v. State*, 472 S.W.3d 322, 324 (Tex. App.—Eastland 2015, pet. ref'd); *Hart v. State*, 264 S.W.3d 364, 367 (Tex. App.—Eastland 2008, pet. ref'd). Moreover, and in this regard, a plea of "true," without more, is sufficient to support the trial court's decision to revoke a probationer's community supervision. *See*

3

*Garcia*, 387 S.W.3d at 26; *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979). Therefore, based on our review of the record, we agree with counsel that no meritorious or arguable grounds for appeal exist.[1] *See Anders*, 386 U.S. at 744; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

Accordingly, we grant counsel's motion to withdraw, and we affirm the judgment of the trial court.


W. STACY TROTTER

JUSTICE


August 6, 2026

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[1]Appellant has the right to file a petition for discretionary review with the Court of Criminal Appeals pursuant to Rule 68 of the Texas Rules of Appellate Procedure.